UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

MERCER S.M.E., INC.,

Defendant.

Criminal No.: 2:12cr832-1

Filed: HON. D.M. CAVANAUGH, USDJ

Violation: 15 U.S.C. § 1

**PLEA AGREEMENT**

The Antitrust Division of the United States Department of Justice and the defendant, MERCER S.M.E., INC. ("MERCER"), a corporation organized and existing under the laws of State of New Jersey, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

**AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS**

1. MERCER will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in the United States District Court of New Jersey to a one-count Information, in the form attached, in which it is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy to rig bids at certain auctions for tax liens conducted by municipalities within the District of New Jersey from at least as early as the beginning of 2003 until approximately February 2009.

**GOVERNMENT'S AGREEMENT**

2. Upon the Court's acceptance of the guilty plea called for by this Agreement, the United States will not bring further criminal charges against MERCER for any act or offense committed prior to the date of this Agreement that was in furtherance of any agreement to rig bids at municipal tax lien sales or auctions in the State of New Jersey. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal securities laws, or to any crime of violence.

3. It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the United States will bring the fact, manner and extent of the cooperation of MERCER to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

**POSSIBLE MAXIMUM PENALTIES**

4. MERCER understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a) $100 million (15 U.S.C. § 1);

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. §§ 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. §§ 3571(c) and (d)).

5. In addition, the defendant understands that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to U.S.S.G. § 8B1.1 of the United States Sentencing Guidelines or 18 U.S.C. §§ 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

**SENTENCING GUIDELINES**

6. MERCER understands that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence. MERCER understands that the Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard. MERCER understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

**SENTENCING AGREEMENT**

7. MERCER understands that the sentence to be imposed on it is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. MERCER acknowledges that the entry of its guilty plea to the charged offense authorizes the sentencing court to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or

representations as to what sentence MERCER will receive. MERCER understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either parties' sentencing recommendation, it nevertheless has no right to withdraw its plea of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of MERCER's activities with respect to this case, and all other activities of MERCER which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of MERCER's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by MERCER both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of MERCER therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of MERCER, and to supply any other information that the Court may require.

8. The United States and MERCER agree that the fine to be imposed is within the sole discretion of the sentencing judge, but that the Court may consider the factors set forth in U.S.S.G. § 8C3.3(b) in determining MERCER's ability to pay a fine. The United States and MERCER agree that pursuant to U.S.S.G. § 2R1.1, the volume of commerce attributable to MERCER is $211,000.

9. MERCER understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of its sentence.

**REPRESENTATION BY COUNSEL**

10. MERCER has reviewed all legal and factual aspects of this case with its attorney and is fully satisfied with its attorney's legal representation. MERCER has thoroughly reviewed this Agreement with its attorney, and has received satisfactory explanations from its attorney concerning each paragraph of this Agreement and alternatives available to it other than entering into this Agreement. After conferring with its attorney and considering all available alternatives, MERCER has made a knowing and voluntary decision to enter into this Agreement.

**VOLUNTARY PLEA**

11. MERCER's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to MERCER as to whether the Court will accept or reject the recommendations contained within this Agreement.

**VIOLATION OF PLEA AGREEMENT**

12. MERCER agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that it has violated any provision of this Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and MERCER shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Agreement. MERCER agrees that, in the event that the United

States is released from its obligations under this Agreement and brings criminal charges against it for any offense referred to in Paragraph 1 of this Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Agreement.

13. MERCER understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Agreement based on MERCER's violation of the Agreement, any documents, statements, information, testimony, or evidence provided by it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, MERCER unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

**ENTIRETY OF AGREEMENT**

14. This Agreement constitutes the entire agreement between the United States and MERCER concerning the disposition of the criminal charge contained in this case. This Agreement cannot be modified except in writing, signed by the parties.

15. The undersigned is authorized to enter this Plea Agreement on behalf of MERCER as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Agreement.

16. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated: 12/19/12

MERCER S.M.E., INC.
By: SUSAN ESPOSITO

DOUGLAS M. TWEEN, ESQ.
Counsel for MERCER S.M.E., INC.

Respectfully submitted,

BRYAN C. BUGHMAN
CHARLES V. REILLY
DEBRA C. BROOKES
LUDOVIC C. GHESQUIERE
Trial Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8041

EXHIBIT A

CORPORATE RESOLUTION

I, the undersigned President of Mercer, S.M.E., Inc., a New Jersey corporation ("the Corporation"), hereby certify as follows:

In lieu of a Meeting of the Board of Directors of the Corporation, all of the Directors, in accordance with the Corporation's By-Laws, have unanimously consented in writing to adopting the following recitals and resolutions and the same have not been revoked, cancelled, annulled or amended in any manner and are in full force and effect on the date of this Resolution:

WHEREAS, the Corporation is expected to be charged with violating 1 5 U.S.C. § 1 in the proceeding known as UNITED STATES OF AMERICA v MERCER S.M.E., INC,;

WHEREAS, the Corporation has decided that it is in the best interests of the Corporation to consent to a Plea Agreement with the UNITED STATES OF AMERICA to be filed in the United States Court for the District of New Jersey, for good and fair consideration;

NOW, THEREFORE, IT IS

RESOLVED: That in furtherance of the corporate purposes of the Corporation, and there being nothing contrary in the Articles of Incorporation and By-Laws, the Board of Directors of the Corporation and the Corporation hereby consent to enter into the Plea Agreement as described more fully in the annexed Plea Agreement, pursuant to the terms and conditions of said agreement and the schedules, exhibits and addenda attendant therewith.

IN WITNESS WHEREOF, I have hereunto set my hand on the date indicated below.

MERCER S.M.E., INC.

Susan Esposito

BY: Susan Esposito, President

Date: 12/12/12